# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

EDDIE LEE MCCLENDON,
ADC #096384                                                                                                PLAINTIFF

V.                                          4:15CV00343 KGB/JTR

DOC HOLLADAY,
Pulaski County Sheriff, et al.                                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Plaintiff, Eddie Lee McClendon, is a prisoner in the Pulaski County Detention Facility. He has filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for

failing to state a claim upon which relief may be granted.[1]

## II. Discussion

Plaintiff alleges that, on April 17, 2015, Defendant Nurse Palmer violated his constitutional right to receive adequate medical care when she gave him a single dose of Clonazepam, which was prescribed for another prisoner.[2] *Docs. 2 & 4.* As a result, Plaintiff was drowsy and lethargic for a single day, but otherwise suffered no harm. *Id.*

An Eighth Amendment claim of constitutionally adequate medical care cannot be based on negligence or even gross negligence. *Langford v. Norris*; 614 F.3d 445, 460 (8th Cir. 2010). Instead, a prisoner must allege facts suggesting that the defendant acted with deliberate indifference, which "requires proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001). In other words, "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998).

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

[2] Clonazepam is an anti-anxiety and anti-seizure medication. *See www.mayoclinic.org/drugs-supplements.*

In his Amended Complaint, Plaintiff specifically alleges that Defendant Palmer acted with "negligence" when she gave him the wrong medication. *Doc. 4 at 1.* Importantly, nothing in Complaint or Amended Complaint suggests hat Defendant Palmer acted with deliberate indifference when she inadvertently gave him a single does of the wrong medication. *See Dulany,* 132 F.3d at 1245 (explaining that: "A number of individual and isolated incidences of medical malpractice or negligence do not amount to deliberate indifference"); *Zentmyer v. Kendall County, Ill.,* 220 F.3d 805 (8th Cir. 2000) (holding that occasional failure to give detainee prescribed medications was not deliberate). Thus, Plaintiff has not pled a viable § 1983 claim against Defendant Palmer.

Plaintiff also alleges that Defendants Doc Holladay, Jail Administrator Randy Morgan, and Health Services Administrator Sarah Speers violated his constitutional rights when the failed to properly respond to the grievances he wrote about Defendant Palmer's mistake. However, prisoners do not have a constitutional right to enforce compliance with a prison grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Thus, Plaintiff has also failed to state a viable claim against Defendants Holladay, Morgan, and Speers.

Finally, in his original Complaint, Plaintiff made the vague and factually

unsupported allegation that *unspecified* individuals at the Pulaski County Detention Facility "engaged in a persistent and pervasive pattern of punitively exacting physical harm by various means involving its Medical Department and Staff." *Doc. 2 at 4.* On June 30, 2015, the Court ordered Plaintiff to provide more facts to support that vague and conclusory allegation. *Doc. 5.* Plaintiff did not do so. Thus, he has failed to plead a viable claim for relief. *See Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions" and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face").

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal of this action be counted as a STRIKE, under 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken good faith.

Dated this 21st day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE